# EXHIBIT 1

Return Date: No return date scheduled
Hearing Date: 5/27/2021 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
   Cook County, IL

FILED DATE: 1/27/2021 1:37 PM 2021CH00404

11988722

FILED
1/27/2021 1:37 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00404

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

JANE DOE, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

NORTHWESTERN UNIVERSITY,

        Defendant.

Case No. **2021CH00404**

CLASS ACTION

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff Jane Doe ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Northwestern University and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Northwestern" or "Defendant") and alleges as follows:

### INTRODUCTION

1.    Defendant Northwestern University is a private university located in Evanston, Illinois. Northwestern offers undergraduate and graduate programs both in person on its campuses and through distance and online learning programs.

2.    In offering courses to its students, Northwestern requires that many student exams be conducted using online remote proctoring tools including Respondus Monitor and Examity. Through these remote proctoring tools, Northwestern unlawfully collects, uses, and discloses students' biometric identifiers and biometric information without the students' written and informed consent.

3.    Northwestern's remote proctoring tools capture, use, and store vast amounts of data, including facial recognition data, facial detection data, recorded patterns of keystrokes, eye

FILED DATE: 1/27/2021 1:37 PM    2021CH00404

monitoring data, gaze monitoring data, and camera and microphone recordings to effectively surveil students taking online exams.  Northwestern owns, has access to, and possesses this data.

4.      Through online proctoring tools, Northwestern collects, captures, and stores everything from a student's facial features to their voice through a web portal accessed through the student's personal device.  Using these tools, Northwestern is able to collect and aggregate information on all aspects of a student's life.  Indeed, as one director of academic testing told the *Washington Post*, software programs like Respondus' are akin to "spyware."  *Mass School Closures in the Wake of the Coronavirus are Driving a New Wave of Student Surveillance*, WASHINGTON POST (Apr. 1, 2020), https://www.washingtonpost.com/technology/2020/04/01/online-proctoring-college-exams-coronavirus.  Likewise, an economics professor at Harvard University recently told *Forbes* that this type of technology involves an inappropriate "level of intrusion."  Sean Lawson, *Are Schools Forcing Students To Install Spyware That Invades Their Privacy As A Result Of The Coronavirus Lockdown?*, FORBES (Apr. 24, 2020 6:34 PM), https://www.forbes.com/sites/seanlawson/2020/04/24/are-schools-forcing-students-to-install-spyware-that-invades-their-privacy-as-a-result-of-the-coronavirus-lockdown/?sh=1fbe87cb638d.  Relatedly, Duke University has decided not to allow virtual proctoring at this time, in part because of security concerns.  *Id.*

5.      All the while, students are left in the dark about the vast amount of information their university collects through remote proctoring tools.  Northwestern does not disclose or obtain written consent before collecting, capturing, storing, or disseminating users' biometric data through remote proctoring tools.  Northwestern also fails to disclose what it does with that

FILED DATE: 1/27/2021 1:37 PM   2021CH00404

biometric data after collection and does not comply with BIPA's retention and destruction requirements for private entities that possess biometric identifiers and biometric information.

6.      It is, therefore, no surprise that there is an outcry among students and faculty about the use of online proctoring software and services.  Petitions have sprung up across college campuses nationwide demanding a ban on online proctoring.  At major universities, such as the University of Texas at Dallas, California State University Fullerton, the University of Miami, Florida State University, Auburn University, the University of Wisconsin–Madison, and the City University of New York, petitions have gained tens of thousands of student and faculty signatures.

7.      At the University of California Santa Barbara, the Faculty Association published a letter demanding that university administration officials rescind its contracts with online-proctoring companies amid concerns these tools could turn the university into "a surveillance tool." *Id.*

8.      Plaintiff Jane Doe brings this action to enforce her legal rights under Illinois' Biometric Information Privacy Act ("BIPA") and those of the proposed classes of consumers she represents.

9.      BIPA is designed to protect consumers against the threat of irreparable privacy harms, identity theft, and other economic injuries arising from private entities' increasing use of biometric identifiers and information.

10.     In enacting BIPA in 2008, the Illinois Legislature recognized that biometrics are unlike other unique identifiers because they are biologically unique to the individual and cannot be changed.  Once compromised, the individual has no recourse.  *See* 749 ILCS 14/5.

3

FILED DATE: 1/27/2021 1:37 PM   2021CH00404

11.     BIPA protects public welfare, security, and safety by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information.  *Id*.

12.     BIPA defines biometric identifiers as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry."  740 ILCS 14/10.

13.     BIPA defines biometric identifiers as "any information, regardless of how it is captured, converted, stored or shared, based on an individual's biometric identifier used to identify an individual."  *Id*.

14.     Plaintiff alleges Northwestern violated BIPA by, among other things, collecting, capturing, using, storing, and sharing Plaintiff's and class members' biometric identifiers or biometric information through remote proctoring without informed written consent.

15.     Northwestern violated BIPA's requirement that it maintain, disclose, and follow a retention policy that requires Northwestern to permanently destroy students' biometric data obtained through remote exam proctoring once the purpose for collecting such data has been satisfied.

16.     Northwestern's failure to follow BIPA's express disclosure and consent requirements and failure to comply with the destruction requirements for biometric identifiers and information was an invasion of Plaintiff's personal rights and the rights of the class members she represents.

17.     A class action is the best means of obtaining redress for Northwestern's wide-scale BIPA violations and is consistent with the fairness and efficiency goals of class actions.

## JURISDICTION AND VENUE

18.     This Court has subject-matter jurisdiction over this putative class action lawsuit because it arises under Illinois law.

19.     The Court has personal jurisdiction over Northwestern pursuant to 735 ILCS 5/2-209 because Plaintiff's claims arise out of and relate to Northwestern's conduct in the state of Illinois.

20.     Venue is proper in this Court under 735 ILCS 5/2-101(2) because the transaction or some part thereof out of which the cause of action arose occurred in Cook County.

**PARTIES**

21.     Plaintiff Jane Doe is a natural person who resides in Cook County.

22.     Northwestern is an Illinois not-for-profit corporation with its principal place of business at 633 Clark Street, Evanston, Illinois 60208.

**FACTUAL BACKGROUND**

A.     <u>Online and Remote Proctoring</u>

23.     During the COVID-19 pandemic, schools, colleges, universities, and other educational institutions ("Institutions") have been forced to cease in-person instruction and move to remote learning.  However, even prior to the pandemic, many Institutions like Northwestern have offered online coursework that requires students to take quizzes and exams online.

24.     To facilitate remote test-taking, Institutions contract with private companies that offer online exam monitoring and proctoring services.

25.     These companies offer several cloud-based software and service applications to assist Institutions in providing online content and exams to students.

26.     Institutions like Northwestern that use remote proctoring tools often incorporate these tools into the Institution's learning management system ("LMS").  Well-known LMSs include Canvas, Blackboard Learn, Brightspace, and Moodle.

27.     Upon information and belief, Northwestern purchases licenses from remote proctoring service providers and integrates those services into Northwestern's LMS.

5

FILED DATE: 1/27/2021 1:37 PM   2021CH00404

**B.**     **Online Proctoring Tools**

28.     This lawsuit arises from Northwestern's use of automated and remote exam proctoring solutions that enable students to take exams online in a *non-proctored* environment.

29.     Dozens of colleges and universities in Illinois, including Northwestern, use remote proctoring tools.

30.     Northwestern makes public that it has explored a "host of online proctoring opportunities in Canvas." NORTHWESTERN, https://digitallearning.northwestern.edu/article/2018/04/23/northwestern-explores-host-online-proctoring-opportunities-canvas (last visited Jan. 24, 2021).

31.     However, upon information and belief, from time to time, Northwestern has contracted with online proctoring companies, including Respondus, Inc. and Examity Inc., for Northwestern's students' online course assessments.

32.     On Northwestern's behalf, online proctoring companies collect biometric identifiers or biometric information from students as part of the remote proctoring assessment.

33.     The terms and conditions students accept before using Northwestern's online proctoring tools say nothing about facial recognition, biometric identifiers, or biometric information and do not disclose to student users that their biometric identifiers or information will be captured, collected, analyzed, or disseminated during the remote proctoring session.

**C.**     **Plaintiff's Experience with Remote Proctoring at Northwestern**

34.     Plaintiff Jane Doe is currently a junior at Northwestern.

35.     Plaintiff Jane Doe pays tuition and other fees to Northwestern to take courses and receive credits toward a college degree.

36.     Plaintiff Jane Doe is enrolled in courses at Northwestern that require the use of remote proctoring tools for exams.  Plaintiff Jane Doe has used these remote proctoring tools for

6

Northwestern course work more than ten (10) times, each time from her personal residence in Evanston, Illinois.

37.     Plaintiff Jane Doe recalls that in taking an exam through Northwestern's remote proctoring service, Plaintiff Jane Doe was required to show her student I.D. and take video footage of her surroundings and her face with a web camera prior to starting the exam.

38.     When agreeing to use a remote proctoring service for her Northwestern course, Plaintiff Jane Doe did not know Northwestern or its agent would collect and analyze her biometric identifiers or biometric information prior to and during the exams.

39.     When agreeing to use a remote proctoring service for her Northwestern course, Plaintiff Jane Doe did not give informed written consent for her biometric identifiers or information to be collected during the exam and then stored, used, or disseminated.

40.     When agreeing to use a remote proctoring service for her Northwestern course, Plaintiff Jane Doe was unaware of any collection and retention policy that Northwestern has regarding her biometric identifiers and biometric information that Northwestern collects and controls through its online proctoring service.

41.     The context in which Plaintiff Jane Doe was asked to accept an online proctoring service to take her exam—as a requirement to successfully complete a college course—did not give her a meaningful choice.

42.     Northwestern's publicly-available "Privacy Statement" (the "Northwestern Privacy Policy") does not disclose that it collects biometric information or biometric identifiers during remotely proctored exams.  The Northwestern Privacy Policy does not include a retention or destruction policy for biometric data that Northwestern collects and controls during remotely

7

FILED DATE: 1/27/2021 1:37 PM   2021CH00404

proctored exams.  *See* NORTHWESTERN, https://www.northwestern.edu/privacy/ (last visited Jan. 24, 2021).

43.     Northwestern has a Biometric Information Privacy Policy applicable to fingerprints collected as a security measure for access to certain campus facilities.  A copy of the Northwestern Biometric Policy is attached hereto as **Exhibit A** and is publicly available on Northwestern's website.  *See* NORTHWESTERN, https://www.northwestern.edu/risk/compliance/compliance-areas-contacts/data-management-privacy/biometric-information-privacy/index.html (last visited Jan. 24, 2021) (the "Northwestern Biometric Policy").

44.     However, on its face, the Northwestern Biometric Policy does not apply to biometric identifiers or information Northwestern collects through remote proctoring.

45.     The Northwestern Biometric Policy states that Northwestern "uses biometric identification systems to increase security and control access to certain campus facilities.  The University recognizes the sensitivity of Biometric Information and takes seriously its obligations to maintain the confidentiality and protect the security of data."  (Ex. A.)

46.     The Northwestern Biometric Policy expressly states Northwestern will not collect or obtain an individual's "Biometric Data" without prior written consent, and the "consent form will inform the individual of the reason the Biometric Information is being collected and the length of time the data will be stored."  (*Id*.)

47.     In violation of the Northwestern Biometric Policy, Northwestern did not obtain Plaintiff Jane Doe's prior written consent to obtain her biometric information while she was using Northwestern's remote proctoring tools and did not inform Plaintiff Jane Doe of the reason the information was collected nor the length of time it would be stored.

FILED DATE: 1/27/2021 1:37 PM  2021CH00404

48.     Indeed, Northwestern's Secure Exam Proctoring in Canvas information page does not refer to biometric data or monitoring.  A copy of Northwestern's Secure Exam Proctoring in Canvas information page is attached hereto as **Exhibit B** and is publicly available on Northwestern's website.  *See* NORTHWESTERN, https://digitallearning.northwestern.edu/opportunities/secure-exam-proctoring-canvas (last visited Jan. 26, 2021).

## CLASS ALLEGATIONS

49.     Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated in the state of Illinois (the "Classes").

50.     The Classes of persons Plaintiff proposes to represent are tentatively defined as:

> All persons who took an assessment as a student of Northwestern in the state of Illinois at any time during the last five years prior to the filing of this Complaint through trial, where the assessment included the use of a remote proctoring tool that collected or captured the student's biometric information (the "Collection Class").

> All persons who took an assessment as a student of Northwestern in the state of Illinois at any time during the last five years prior to the filing of this Complaint through trial, where the assessment included the use of a remote proctoring tool that retained the student's biometric information (the "Retention Class").

> All persons who took an assessment as a student of Northwestern in the state of Illinois at any time during the last five years prior to the filing of this Complaint through trial, where the assessment included the use of a remote proctoring tool that disclosed or disseminated the student's biometric information (the "Disclosure Class").

51.     Excluded from the Classes are counsel, Northwestern, any entities in which Northwestern has a controlling interest, Northwestern's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

FILED DATE: 1/27/2021 1:37 PM   2021CH00404

52.     The Classes defined above are identifiable through Northwestern's business records.

53.     The potential members of the Classes number at least in the thousands.

54.     Individual joinder of these persons is impracticable.

55.     Plaintiff is a member of the Classes.

56.     There are questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

      a.     Whether Northwestern developed a written policy, available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information collected through remote proctoring tools Northwestern provided students, when the initial purposes for collecting such identifiers or information have been satisfied or within three (3) years of the individual's last interaction with Northwestern, whichever occurs first, and whether Northwestern complied with such written policy;

      b.     Whether Northwestern collects, captures, or otherwise obtains Plaintiff's and Class members' biometric identifiers or information without:

            (i)     informing them in writing that a biometric identifier or biometric information is being collected and stored;

            (ii)     informing them in writing of the specific purpose and length of term for which biometric identifier or biometric information is being collected, stored, and used; or

            (iii)     obtaining their written release;

FILED DATE: 1/27/2021 1:37 PM   2021CH00404

c.      Whether Northwestern discloses or disseminates Plaintiff's and Class Members' biometric identifiers or biometric information without Plaintiff's and Class members' consent;

d.      Whether Northwestern's conduct was negligent;

e.      Whether Northwestern's conduct was knowing or reckless; and

f.      Whether Plaintiff and Class members are entitled to damages for violation of their privacy rights.

57.     Plaintiff's claims are typical of the claims of Class members.

58.     Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the Classes, she will fairly and adequately protect the interests of the Classes, and she is represented by counsel skilled and experienced in class actions.

59.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Northwestern.

60.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

61.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CLAIM FOR RELIEF**
**Violation of 740 ILCS 15(a)**
**(On Behalf of Plaintiff and the Retention Class)**

62.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

FILED DATE: 1/27/2021 1:37 PM   2021CH00404

63.     Northwestern is a "private entity" for purposes of BIPA.

64.     Northwestern is in possession of biometric identifiers or biometric information from students who use remote proctoring tools Northwestern requires for its courses.

65.     Northwestern does not have a written policy made available to the public establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information collected during remotely-proctored exams when the initial purposes for collecting or obtaining such identifiers or information have been satisfied or within three (3) years of the individual's last interaction with the private entity, whichever occurs first.

66.     Northwestern does not comply with any established retention schedule or destruction guideline.

67.     Northwestern's failure to maintain and comply with such a written policy is negligent and reckless because BIPA has governed the collection and use of biometric identifiers and biometric information since 2008, and Northwestern is presumed to know these legal requirements.  Northwestern's conduct is all the more egregious given that it maintains the Northwestern Biometric Policy applicable to the collection of other biometric information—fingerprints—for the purpose of securing its campus facilities.

68.     Northwestern's unlawful conduct caused injury to Plaintiff and the proposed Retention Class.

69.     Plaintiff and the Retention Class seek damages, attorney's fees, and costs.

FILED DATE: 1/27/2021 1:37 PM   2021CH00404

## SECOND CLAIM FOR RELIEF
### Violation of 740 ILCS 15(b)
### (On Behalf of Plaintiff and the Collection Class)

70.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

71.     Northwestern collects, captures, and obtains biometric identifiers or biometric information from students who use remote proctoring tools Northwestern requires for its courses.

72.     Northwestern collects, captures, and obtains such identifiers or information without informing the students in writing that biometric identifiers or biometric information are being collected or stored.

73.     Northwestern collects, captures, and obtains such identifiers or information without informing the students in writing of the specified purpose and length of term for which biometric identifiers or biometric information is being collected, stored, and used.

74.     Northwestern collects, captures, and obtains such identifiers or information without receiving a written release executed by the students.

75.     Northwestern's unlawful conduct is negligent and reckless because BIPA has governed the collection and use of biometric identifiers and biometric information since 2008, and Northwestern is presumed to know these legal requirements.  Northwestern's conduct is all the more egregious given that it maintains the Northwestern Biometric Policy applicable to the collection of other biometric information—fingerprints—for the purpose of securing its campus facilities.

76.     Northwestern's unlawful conduct caused injury to Plaintiff and the proposed Collection Class.

77.     Plaintiff and the Collection Class seek damages, attorney's fees, and costs.

FILED DATE: 1/27/2021 1:37 PM   2021CH00404

## THIRD CLAIM FOR RELIEF
### Violation of 740 ILCS 15(c)
### (On Behalf of Plaintiff and All Classes)

78.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

79.     Northwestern is in possession of biometric identifiers or biometric information it collects when students use remote proctoring tools Northwestern requires for its courses.

80.     Northwestern charges students tuition and other fees for academic courses Northwestern offers.  To complete required course examinations, students are required to use the remote proctoring tools.

81.     Northwestern profits from requiring students to use remote proctoring tools, as it allows Northwestern to offer online coursework and thereby receive tuition dollars from students.

82.     Northwestern's unlawful conduct is negligent and reckless because BIPA has governed the collection and use of biometric identifiers and biometric information since 2008, and Northwestern is presumed to know these legal requirements.  Northwestern's conduct is all the more egregious given that it maintains the Northwestern Biometric Policy applicable to the collection of other biometric information—fingerprints—for the purpose of securing its campus facilities.

83.     Northwestern's unlawful conduct caused injury to Plaintiff and the proposed Classes.

84.     Plaintiff and the Classes seek damages, attorney's fees, and costs.

14

FILED DATE: 1/27/2021 1:37 PM   2021CH00404

**FOURTH CLAIM FOR RELIEF**
**Violation of 740 ILCS 15(d)**
**(On Behalf of Plaintiff and the Disclosure Class)**

85.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

86.     Northwestern is in possession of biometric identifiers or biometric information it collects when students use remote proctoring tools Northwestern requires for its courses.

87.     Northwestern discloses or disseminates students' biometric identifiers or biometric information to its instructors and other agents without the students' consent to the disclosure.

88.     Northwestern's unlawful conduct is negligent and reckless because BIPA has governed the collection and use of biometric identifiers and biometric information since 2008, and Northwestern is presumed to know these legal requirements.  Northwestern's conduct is all the more egregious given that it maintains the Northwestern Biometric Policy applicable to the collection of other biometric information—fingerprints—for the purpose of securing its campus facilities.

89.     Northwestern's unlawful conduct caused injury to Plaintiff and the proposed Disclosure Class.

90.     Plaintiff and the Disclosure Class seek damages, attorney's fees, and costs.

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     Certification of the proposed Classes;

B.     Appointment of Plaintiff as representative of the Classes;

C.     Appointment of the undersigned counsel as counsel for the Classes;

D.     An award to Plaintiff and the Classes of damages, as allowed by law; and

FILED DATE: 1/27/2021 1:37 PM   2021CH00404

E.       Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY TRIAL DEMANDED

Plaintiff, on behalf of herself and all others similarly situated, hereby demands trial by jury on all issues in this Complaint that are triable as a matter of right.

Dated: January 27, 2021                    Respectfully submitted,

**/s/ Brian K. Murphy**
Brian K. Murphy (IL Atty. No. 6225697;
Cook County No. 37524)
Joseph F. Murray (*pro hac vice* to be filed)
Jonathan P. Misny (*pro hac vice* to be filed)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murphy@mmmb.com
          murray@mmmb.com
          misny@mmmb.com

Mary C. Turke (*pro hac vice* to be filed)
Turke & Strauss LLP
613 Williamson Street #201
Madison, WI 53703
Telephone: 608.237.1775
Facsimile: 608.509.4423
E-mail: mary@turkestrauss.com

Anthony I. Paronich (*pro hac vice* to be filed)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 508.221.1510
E-mail: anthony@paronichlaw.com

*Counsel for Plaintiff*

FILED DATE: 1/27/2021 1:37 PM   2021CH00404

# EXHIBIT A

FILED DATE: 1/27/2021 1:37 PM   2021CH00404



**Approving University Official(s):** Senior Vice President for
  Business and Finance
**Responsible Office:** Risk, Internal Audit, and Compliance
**Effective date:** June 6, 2019
**Next review date:** June 6, 2020

# BIOMETRIC INFORMATION PRIVACY POLICY

## Policy Statement

Northwestern University ("Northwestern" or "the University") uses biometric identification systems to increase security and control access to certain campus facilities. The University recognizes the sensitivity of Biometric Information and takes seriously its obligations to maintain the confidentiality and protect the security of data.

## Purpose

In accordance with the Illinois Biometric Privacy Act, 740 ILCS 14/1 et seq., and other laws and regulations, the policy sets forth the University's procedures for disclosure, storage and destruction of Biometric Information.

## Audience

Faculty, staff, students, and third-party contractors.

## Definitions

*Biometric Identifier*. A fingerprint, voiceprint, retina or iris scan, hand or face geometry scan.

*Biometric Information or Biometric Data*. Information based on a person's biometric identifier that is used to identify that person.

## Policy Implementation

I.   *Consent*

   An individual's Biometric Data will not be collected or otherwise obtained by Northwestern University without prior written consent of the individual. The consent form will inform the individual of the reason the Biometric Information is being collected and the length of time the data will be stored.

II.  *Disclosure*

   The University will not disclose or disseminate any Biometric Data to anyone other than its Biometric Identifier collector vendor(s) and/or licensor(s), unless:

   a.  Disclosure is required by state or federal law or municipal ordinance; or other identifier;

   b.  Disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction,

FILED DATE: 1/27/2021 1:37 PM   2021CH00404

   c. The disclosed data completes a financial transaction requested or authorized by the employee; or

   d. The employee has consented to such disclosure or dissemination.

*III.* *Storage*

In circumstances where Northwestern retains Biometric Information, the University will use a reasonable standard of care to store, transmit and protect from disclosure any paper or electronic Biometric Data collected. Storage, transmission, and protection from disclosure shall be performed in a manner that is the same as or more protective than the manner in which the University stores, transmits and protects from disclosure other confidential and sensitive information that is used to uniquely identify an individual.

*IV.* *Retention Schedule*

In circumstances where Northwestern retains Biometric Information, the University will permanently destroy an individual's Biometric Data within six (6) months of when the initial purpose for collecting or obtaining such Biometric Data has been satisfied, such as:

   a. The employee's employment is terminated;

   b. The student graduates or otherwise leaves the University;

   c. The employee transfers to a position for which the Biometric Data is not used; or

   d. The University no longer uses the Biometric Information.

If any University's vendors and/or licensors require access to Biometric Data in order to fulfill the purpose of collecting such information, the University will request that they follow the above destruction schedule.

## Related Information

Biometric Identifier Collection Authorization Form

## Contacts

The following office can address questions regarding this Policy:

Risk, Internal Audit, and Compliance
Phone:  (847) 467-6170; email: university.compliance@northwestern.edu

## History

This policy was enacted June 6, 2019.

## Policy URL:

http://policies.northwestern.edu/docs/biometric-information-privacy-policy-final.pdf

FILED DATE: 1/27/2021 1:37 PM   2021CH00404

# EXHIBIT B

Case: 1:21-cv-01579 Document #: 1-1 Filed: 03/22/21 Page 22 of 28 PageID #:32

FILED DATE: 1/27/2021 1:37 PM    2021CH00404

# Northwestern

DIGITAL LEARNING
EDUCATIONAL INNOVATION ACROSS NORTHWESTERN

## Secure Exam Proctoring in Canvas

Secure Exam Proctoring in Canvas

Respondus Monitor is an optional service enabled through **LockDown Browser**. Monitor uses webcam and video technology to allow students the opportunity to take quizzes or exams remotely. Respondus Monitor integrates seamlessly with Canvas and is ideal for non-proctored testing environments.

- Product Name: MONITOR
- Used for: EXAM SECURITY IN CANVAS
- Cost: **FREE**
- Canvas Integration: YES
- Get started with **Respondus Monitor and LockDown Browser**

### Get Started

**Currently this tool is available to pilot until the end of May, 2020.**

If your course is offered through Feinberg School of Medicine or Northwestern University in Qatar, check the left hand navigation of your Canvas course, as Lockdown Browser may already be available. Monitor is available through Lockdown Browser.

Monitor and LockDown Browser integrate seamlessly with Canvas and include a host of secure features. Interested faculty should reach out to Northwestern Information Technology to have this tool added to your Canvas course.

1. Visit the **Learning Apps store**, scroll to Lockdown Browser and select the course you wish to add it to.

2. Review Respondus' Online Instructor Resources for **Lockdown Browser** and **Monitor** (this includes information for your syllabus and a overview videos).

3. Download the **instructor** and **student** quick start guides.

If you are using LockDown Brower and are experiencing any difficulties, please contact: **support@respondus.com**.

### Key Features & Benefits

Respondus LockDown Browser and Monitor add a layer of security for online exams delivered through Canvas. With a custom browser that locks down the testing environment within Canvas, students are unable to copy, print, chat, or access any other applications or websites during an online exam. While LockDown Browser is ideal for exam proctoring in computer lab or classroom settings, Monitor allows students to take quizzes or exams remotely during a scheduled testing window. Through student webcam authentication and recording, suspicious behavior is flagged and videos are available in

FILED DATE: 1/27/2021 1:37 PM   2021CH00404

Canvas for faculty to review.



*Screenshot: Respondus*

**CONTACT US**

© 2021 Northwestern University

**Northwestern University**

633 Clark St.

Evanston, IL 60611

digitallearning@northwestern.edu

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
1/27/2021 2:59 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00404

11994084

FILED DATE: 1/27/2021 2:59 PM   2021CH00404

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |
| **Summons - Alias Summons** | | **(12/01/20) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

JANE DOE, individually and on behalf of all
others similarly situated

_____
Plaintiff(s)

v.

NORTHWESTERN UNIVERSITY

_____
Defendant(s)

Case No. 2021CH00404

633 Clark Street
Evanston, IL 60208

_____
Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail   ● Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE**. You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons**                                                  **(12/01/20) CCG 0001 B**

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

○ Atty. No.: 37524 _____
○ Pro Se 99500

Name: Brian K. Murphy _____

Atty. for (if applicable):

Plaintiff _____

Address: 1114 Dublin Road _____

City: Columbus _____

State: OH  Zip: 43215 _____

Telephone: 614.488.0400 _____

Primary Email: murphy@mmmb.com _____

Witness date _1/27/2021 2:59 PM IRIS Y. MARTINEZ_

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 1/27/2021 2:59 PM  2021CH004404

**GET YOUR COURT DATE BY CALLING IN OR BY EMAIL**

FILED DATE: 1/27/2021 2:59 PM   2021CH00404

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
                    OR
        ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

| | | | |
|---|---|---|---|
| **CASE NUMBER:** 2021CH00404 | **SHERIFF NUMBER:** 50053630 | **MULT. SER.:** 1 | **DOC. TYPE:** CHAN |
| **DIE DATE:** 02/20/2021 | **RECEIVED DATE:** 01/28/2021 | **FILED DATE:** 01/27/2021 | **DIST:** 201 |

| | |
|---|---|
| **DEFENDANT:** NORTHWESTERN UNIVERSITY | **PLAINTIFF:** DOE, JANE |
| **ADDRESS:** 633 Clark | **ATTORNEY:** MURRAY MURPHY MOUL BASIL LLP |
| **CITY:** Evanston | **ADDRESS:** 633 Dublin RD |
| **STATE:** IL **ZIP CODE:** 60208 | **CITY:** COLUMBUS |
| **ATTACHED FEE AMT:** | **STATE:** OH **ZIP CODE:** 43215 |
| **SERVICE INFORMATION:** | |

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☑ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE 19 DAY OF February 2021.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☐ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION____COMPANY____BUSINESS_____PARTNERSHIP___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**

**** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT ****

**(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| ☐ (01) NO CONTACT | ☐ (05) WRONG ADDRESS | ☐ (09) DECEASED |
| ☐ (02) MOVED | ☐ (06) NO SUCH ADDRESS | ☐ (10) NO REGISTED AGENT |
| ☐ (03) EMPTY LOT | ☐ (07) EMPLOYER REFUSAL | ☐ (11) OUT OF COOK COUNTY |
| ☐ (04) NOT LISTED | ☐ (08) CANCELLED BY PLAINTIFF ATTY | ☐ (12) OTHER REASON (EXPLAIN) |

**EXPLANATION:**

| | |
|---|---|
| WRIT SERVED ON: STEPHANIE GRAHAM | ATTEMPTED SERVICES |
| SEX: F RACE: WH AGE: 48 | |
| THIS 19 DAY OF February 20 21 | |
| TIME: 2:15 PM | |

| Date | Time | Star # |
|---|---|---|
| 02/03/2021 | 11:18:00 | # 10800 |
| 02/09/2021 | 10:56:00 | # 10789 |

THOMAS J. DART,
SHERIFF, BY: /S/ JOVICA, CONSTANTINE #11007 , DEPUTY



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

| | | | |
|---|---|---|---|
| **CASE NUMBER:** 2021CH00404 | **SHERIFF NUMBER:** 50053630 | **MULT. SER.:** 1 | **DOC. TYPE:** CHAN |
| **DIE DATE:** 02/20/2021 | **RECEIVED DATE:** 01/28/2021 | **FILED DATE:** 01/27/2021 | **DIST:** 201 |

| Date | Time | Star # |
|---|---|---|